IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH JONES, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 23-904-GBW |
| | : | |
| BRIAN EMIG, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents.[1] | : | |

## MEMORANDUM OPINION

Joseph Jones. *Pro se* Petitioner.

April 25, 2024
Wilmington, Delaware

---

[1] The Court has substituted Warden Brian Emig for former Warden Robert May, an original party to the case. *See* Fed. R. Civ. P. 25(d).

Williams, District Judge:

Petitioner is proceeding *pro se* with a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) For the reasons discussed, Petitioner is ordered to show cause why the instant Petition should not be dismissed for being time-barred.

## I. BACKGROUND

On August 16, 2018, Petitioner pled guilty to continuous sexual abuse of child; the victim was his then seven-year-old daughter. *See State v. Jones*, 2020 WL 6818439, at *1 (Del. Super. Ct. Nov. 20, 2020). On December 4, 2018, the Delaware Superior Court sentenced Petitioner to 50 years of incarceration, suspended after 40 years for decreasing levels of supervision. *See Jones v. State*, 252 A.3d 445 (Table), 2021 WL 1916390, at *1 (Del. May 12, 2021). Petitioner did not appeal his conviction or sentence.

On December 13, 2018, Petitioner filed in the Delaware Superior Court a *pro se* motion for sentence modification and/or reduction under Delaware Superior Court Criminal Rule 35(b) ("Rule 35(b) motion."). *See Jones v. State*, 230 A.3d 900 (Table), 2020 WL 2280509, at *1 (Del. May 7, 2020). The Superior Court denied the Rule 35(b) motion on January 31, 2019. *Id.* Petitioner did not appeal that decision. On March 1, 2019, apparently unaware of Petitioner's *pro se* Rule

35(b) motion, Petitioner's trial counsel filed another Rule 35(b) motion ("counseled Rule 35(b) motion"). On June 27, 2019, the Superior Court denied the counseled Rule 35(b) motion as repetitive. *Id.* Petitioner appealed. On May 7, 2020, the Delaware Supreme Court reversed the Superior Court's June 27, 2019 decision and remanded the matter to the Superior Court to consider the counseled Rule 35(b) motion on the merits. *Id.* at *3. On November 20, 2020, the Superior Court denied the counseled Rule 35(b) motion after considering the merits of the motion on remand. *See Jones*, 2020 WL 6818439, at *2. The Delaware Supreme Court affirmed that decision on May 12, 2021. *See Jones*, 2021 WL 1916390, at *1.

On October 13, 2022, Petitioner filed in the Superior Court a *pro se* motion for correction of an illegal sentence pursuant to Delaware Superior Court Criminal Rule 35(a) ("Rule 35(a) motion). (D.I. 1-1 at 8) On January 26, 2023, the Superior Court denied the Rule 35(a) motion. (D.I. 1-2 at 1-2) The Delaware Supreme Court affirmed that decision on June 5, 2023. (D.I. 1-2 at 3-7)

Petitioner filed the Petition presently pending before the Court on August 17, 2023. (D.I. 1) The Petition asserts the following four claims for federal habeas relief: (1) Petitioner is currently serving a sentence that exceeds the statutorily authorized limits prescribed by the relevant Delaware statutes (D.I. 1-1 at 1-2); (2) the Delaware state courts violated Petitioner's due process rights under the

Fourteenth Amendment by relying on materially untrue information when determining his sentence was not illegal (D.I. 1-1 at 3-4); (3) the Superior Court violated Petitioner's equal protection rights by failing to correct his illegal sentence (D.I. 1-1 at 5-6); and (4) the Superior Court denied Petitioner's Eighth Amendment right to be protected against cruel and unusual punishment by denying his motion to correct sentence (D.I. 1-1 at 7).

## II.   STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, imposes a one-year period of limitation on the filing of habeas petitions and effectively precludes petitioners from filing a second or subsequent habeas application except in the most unusual of circumstances. *See* 28 U.S.C. § 2244(b); 28 U.S.C. § 2244(d)(1); *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). AEDPA's limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

3

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021).

## III. DISCUSSION

Petitioner's § 2254 Petition, filed in 2023, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, his judgment of conviction becomes final upon the expiration of the time period allowed for seeking direct review in the state appellate court. *See Gonzalez v. Thaler*, 565 U.S. 134, 155 (2012) ("with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires.").

4

In this case, the Superior Court sentenced Petitioner on December 4, 2018, and he did not file a direct appeal. Consequently, Petitioner's judgment of conviction became final on January 3, 2019. *See* Del. Supr. Ct. R. 6(a)(ii) (establishing a thirty-day period for timely filing of notice of appeal). Applying the one-year limitations period to that date, Petitioner had until January 3, 2020 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date on which the conviction became final).

Petitioner electronically filed the instant Petition on August 17, 2023, approximately two years and eight months after the expiration of the limitations period. Thus, his Petition is untimely.

Petitioner, however, argues that he is entitled to a later starting date for AEDPA's limitations period under § 2244(d)(1)(D). More specifically, he contends that the limitations period did not start to run until January 26, 2023 – the date on which the Superior Court denied his *pro se* Rule 35(a) motion. According to Petitioner's convoluted argument: (1) the Superior Court's January 26, 2023

5

decision denying Petitioner's Rule 35(a) motion implicitly recognized that, in 2018, the Superior Court erroneously determined Petitioner's original sentence exposure as being 25 years to life imprisonment (D.I. 1-1 at 10-11); (2) the Superior Court's January 26, 2023 "ruling overturned previously held judgments of the Delaware Courts and because of this ruling [Petitioner's] new sentence exposure is 2 to 25 years" (D.I. 1-1 at 11); and (3) "[t]his [January 26, 2023] judgment of the Delaware Superior Court is the factual predicate relied upon by [Petitioner] for grounds one, two, three, and four[, and] was not discoverable until [] January 26, 2023." (*Id.*) In sum, Petitioner appears to view the Superior Court's January 26, 2023 decision as akin to a resentencing that restarts the limitations period, which would render his Petition timely filed. *See, e.g., Lesko v. Sec'y Pa. Dep't Corrs.*, 34 F.4th 211, 225 (3d Cir. 2022) ("Resentencing creates a new judgment as to each count of conviction for which a new or altered sentence is imposed"); *Cochran v. Phelps*, 600 F.Supp.2d 603, 607 (D. Del. 2009) ("[I]n cases involving re-sentencings, the petitioner's judgment becomes final, and AEDPA's limitations period begins to run, from the date on which direct review of a re-sentencing or an amended sentence expires.").

Petitioner's argument is unavailing. The Superior Court explicitly denied Petitioners Rule 35(a) motion. As the Delaware Supreme Court explained when it

6

affirmed the Superior Court's January 26, 2023 decision to deny Petitioner's Rule 35(a) motion:

> Although [Petitioner] is correct that the Superior Court appears to have been under the impression that [Petitioner] is serving a twenty-five year sentence, we nonetheless affirm the Superior Court's judgment on the independent and alternative basis that [Petitioner's] forty-year-prison-sentence was legally imposed under Section 4205A."

(D.I. 1-2 at 5-6) The Delaware Supreme Court then explicitly held that "the Superior Court's imposition of a forty-year sentence under Section 4205A was legal." (D.I. 1-2 at 6) In other words, despite Petitioner's creative argument, the Superior Court did not resentence him on January 26, 2023, nor did the Superior Court's decision constitute a new factual predicate triggering a later starting date.

Petitioner does not assert, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B) or (C). Thus, as the Court previously explained, the instant Petition is untimely, unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999).

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v.*

7

*Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001). In addition, a post-conviction motion that is untimely under state law is not properly filed for § 2244(d)(2) purposes and, therefore, has no statutory tolling effect. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Here, AEDPA's limitations period started to run on January 4, 2019. But, on December 13, 2018, Petitioner filed a *pro se* Rule 35(b) motion, which tolled the limitations period until March 4, 2019.[2] Since Petitioner's trial counsel filed a counseled Rule 35(b) motion on March 1, 2019, the limitations period remained tolled through May 31, 2021, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the counseled Rule 35(b) motion after remand.

---

[2] The Superior Court denied the *pro se* Rule 35(b) motion on January 31, 2019. Since Petitioner did not appeal that decision, the *pro se* Rule 35(b) motion tolled the limitations period through March 4, 2019, which includes the 30-day appeal period.

8

The limitations clock started to run on June 1, 2021, and ran the full one year without interruption until the limitations period expired on June 1, 2022. Notably, the Rule 35(a) motion Petitioner filed on October 13, 2022 has no statutory tolling effect because it was filed after the expiration of the limitations period.

In sum, even with the applicable statutory tolling, the Petition is time-barred. The only way for the instant Petition to be deemed timely filed is if equitable tolling or the actual innocence equitable exception applies.

### B. Equitable Tolling and Actual Innocence

Equitable tolling is only appropriate in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the

9

extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Specifically, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir. 2003).. The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir.2008).

In addition, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. Petitioner does not address the equitable tolling doctrine or allege his actual innocence. Nevertheless, the Court will, in the interest of justice, provide Petitioner with an opportunity to show cause why these doctrines should apply and prevent his Petition from being dismissed as untimely under 28 U.S.C. § 2244(d)(1). In his response to this Memorandum and Order, Petitioner shall state with specificity any facts that may entitle him to equitable tolling of the statute of

limitations and/or why he satisfies the actual innocence exception to the time bar. An appropriate Order follows.

## IV. CONCLUSION

For the reasons set forth above, the Court has concluded that the instant Petition is untimely. Accordingly, Petitioner shall show cause why his Petition should not be dismissed for being time-barred. A separate Order will be entered.

11