IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOSEPH JONES,                          :
                                       :
             Petitioner,               :
                                       :
      v.                               :        Civil Action No. 23-904-GBW
                                       :
BRIAN EMIG, Warden, and                :
ATTORNEY GENERAL OF THE                :
STATE OF DELAWARE,                     :
                                       :
             Respondents.              :

_____

## MEMORANDUM OPINION

Joseph Jones. *Pro se* Petitioner.

November 14, 2024
Wilmington, Delaware

Williams, District Judge:

Petitioner is proceeding *pro se* with a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1)   The Court entered a Memorandum Opinion and Order directing Petitioner to show cause why his Petition should not be dismissed for being time-barred.  (D.I. 8;  D.I. 9)  Petitioner filed a Response.  (D.I. 10)  For the following reasons, the Court will dismiss the Petition as time-barred without issuing a certificate of appealability.

## I.    BACKGROUND

On August 16, 2018, Petitioner pled guilty to continuous sexual abuse of child; the victim was his then seven-year-old daughter.  *See State v. Jones*, 2020 WL 6818439, at *1 (Del. Super. Ct. Nov. 20, 2020).  On December 4, 2018, the Delaware Superior Court sentenced Petitioner to 50 years of incarceration, suspended after 40 years for decreasing levels of supervision.  *See Jones v. State*, 252 A.3d 445 (Table), 2021 WL 1916390, at *1 (Del. May 12, 2021).  Petitioner did not appeal his conviction or sentence.

On December 13, 2018, Petitioner filed in the Delaware Superior Court a *pro se* motion for sentence modification and/or reduction under Delaware Superior Court Criminal Rule 35(b) ("Rule 35(b) motion.").  *See Jones v. State*, 230 A.3d 900 (Table), 2020 WL 2280509, at *1 (Del. May 7, 2020).  The Superior Court

relief:  (1) Petitioner is currently serving a sentence that exceeds the statutorily authorized limits prescribed by the relevant Delaware statutes (D.I. 1-1 at 1-2); (2) the Delaware state courts violated Petitioner's due process rights under the Fourteenth Amendment by relying on materially untrue information when determining his sentence was not illegal (D.I. 1-1 at 3-4); (3) the Superior Court violated Petitioner's equal protection rights by failing to correct his illegal sentence (D.I. 1-1 at 5-6); and (4) the Superior Court denied Petitioner's Eighth Amendment right to be protected against cruel and unusual punishment by denying his motion to correct sentence (D.I. 1-1 at 7).

On April 25, 2024, the Court entered a Memorandum Opinion and Order directing Petitioner to show cause why his Petition should not be dismissed as time-barred.  (D.I. 8; D.I. 9)  The Court directed Petitioner to address the issues of equitable tolling and actual innocence.  (*Id.*)  Petitioner filed a Response arguing that the Petition should not be dismissed as time-barred because he is "actually innocent," without addressing the issue of equitable tolling.  (D.I. 10)

On  July 12, 2024, the Delaware Superior Court denied another Rule 35 motion for correction of illegal sentence filed by Petitioner. *See State v. Jones*, 2024 WL 3411814, at *3 (Del. Super. Ct. July 12, 2024).

## II.    DISCUSSION

As the Court previously explained in its Memorandum Opinion and Order to Show Cause, the instant Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, and is subject to AEDPA's one-year period of limitation. (D.I. 8 at 4-5)  AEDPA's limitations period may be statutorily and equitably tolled, and a petitioner may also avoid being time-barred by establishing a gateway claim of actual innocence. (D.I. 8 at 5, 8-12)  The Court determined that, even with the applicable statutory tolling, the instant Petition is time-barred. (D.I. 8 at 10)  The Court explained that the only way for the instant Petition to be deemed timely filed is if equitable tolling or the actual innocence equitable exception applies, and provided Petitioner with an opportunity to explain with specificity any facts that may entitle him to equitable tolling of the statute of limitations and/or why he satisfies the actual innocence exception to the time bar. (*Id.* at 12; D.I. 9)

Petitioner filed a Response. (D.I. 10)  While he does not address the issue of equitable tolling, Petitioner contends that he is actually innocent of the "predicate conviction necessary to authorize a sentence pursuant to 11 Del. C. § 4205A." (D.I 10 at 6)  More specifically, he asserts that, before he entered his guilty plea, the State amended the indictment – without presenting it to the grand jury – to state

4

that the victim was under 14 years of age so that the Superior Court would "have the authority [under] (Section 241) to inflict the punishment prescribed under 11 Del. § 4205A." (D.I. 10 at 4)  He argues that the amended indictment was invalid because it was not issued by the grand jury and, therefore, he was actually convicted of the crime charged by the original grand jury indictment – continuous sexual abuse of a child under 17 years of age. (D.I. 10 at 6)  Relying on this premise, Petitioner contends the Superior Court was only authorized to sentence him to a sentence between "2 to 25 years imprisonment" rather than to a sentence between "25 years to life imprisonment." (D.I. 10 at 4, 6)

Petitioner's argument is unavailing.  A petitioner satisfies the actual innocence exception to AEDPA's time bar by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021).  "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Petitioner's assertion of actual innocence speaks to an alleged *legal* insufficiency, because it is based on an allegedly defective amendment to an indictment and, relatedly, an allegedly improper enhancement of his sentence.

5

(D.I. 10 at 4-5)  Petitioner's argument does not speak to his actual innocence of the crimes charged.[1]  In fact, Petitioner acknowledges he "agreed [during the plea colloquy] that … the victim of the instant offense was under 14 years of age." (D.I. 10 at 5)

Based on the foregoing, Petitioner has failed to satisfy his burden of offering compelling evidence of his actual innocence.   Petitioner's instant assertion of actual innocence does not constitute a credible gateway claim capable of overcoming AEDPA's time-bar.  Accordingly, the Court will dismiss the Petition as time-barred.

## IV.    CERTIFICATE OF APPEALABILITY

Finally, the Court must decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011).  A federal court may issue a certificate of

---

[1]While Delaware law guarantees the accused a right to indictment by a grand jury, *see State v. Ponzo*, 302 A.3d 1006, 1010 (Del. Super. Ct. Sept. 5, 2023), there is no federal constitutional right to indictment by a state grand jury.  *See Alexander v. Louisiana*, 405 U.S. 625, 633 (1972) ("the Court has never held that federal concepts of a 'grand jury,' binding on the federal courts under the Fifth Amendment, are obligatory for the States."). Therefore, a claim that an indictment did not conform to state or federal requirements is not cognizable on federal habeas review, except as a claim that a petitioner was denied fair notice of the crimes he must defend against. *See, e.g., Brathwaite v. Phelps*, 2009 WL 3345595, at *18 (D. Del. Oct. 16, 2009).  Petitioner does not allege that he was denied notice of the crime to which he pled guilty.

6

appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claim debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

The Court concludes that Petitioner's habeas Petition must be dismissed as time-barred, and is persuaded that reasonable jurists would not find this conclusion to be debatable or wrong. Therefore, the Court will not issue a certificate of appealability.

## V.    CONCLUSION

For the reasons set forth above, the Court will dismiss the instant Petition as time-barred without issuing a certificate of appealability. A separate Order will be entered.

7